UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

JAIME BLANTON,
an individual

       Plaintiff,

                                    CASE NO:  4:16-CV-211

vs.

MAZATLAN, INC

       Defendant.
_____/

## COMPLAINT

Plaintiff, Jaime Blanton ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Mazatlan, Inc., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.     Venue is proper in this Court, the Eastern District of Texas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Eastern District of Texas.

3.     Plaintiff, Jaime Blanton (hereinafter referred to as "Blanton") is a resident of Denton, Texas and is a qualified individual with a disability under the ADA.  Blanton has what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she has cerebral palsy

and requires a wheelchair for mobility.  Prior to instituting the instant action, Blanton visited the

Defendant's premises at issue in this matter, and was denied full, safe and equal access to the

subject property due to its lack of compliance with the ADA and the architectural barriers to

access listed in Paragraph 11 of this Complaint which Plaintiff personally encountered.  Blanton

continues to desire and intends to visit the Defendant's premises but continues to be denied full,

safe and equal access due to the barriers to access that continue to exist.

4.      The Defendant, Mazatlan, Inc. is a domestic corporation registered to do business and,

in fact, conducting business in the State of Texas.  Upon information and belief,  Mazatlan, Inc.

(hereinafter referred to as "Mazatlan ") is the owner, lessee and/or operator of the real properties and

improvements that are the subject of this action, specifically the Mazatlan Restaurant located at 1928

N. Ruddell Street in Denton, Texas (hereinafter referred to as the "Restaurant").

5.      All events giving rise to this lawsuit occurred in the Eastern District of Texas.

## COUNT I - VIOLATION OF THE ADA

6.      On or about July 26, 1990, Congress enacted the Americans with Disabilities Act

("ADA"), 42 U.S.C. §12101 *et seq.*  Commercial enterprises were provided one and a half years from

enactment of the statute to implement its requirements.  The effective date of Title III of the ADA

was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned

and/or operated by Mazatlan Is a place of public accommodation in that it is a Restaurant that is

owned and operated by a private entity and that provides goods and services to the public.

8.      Defendant, Mazatlan has discriminated, and continues to discriminate against the

Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal

enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the

Restaurant in derogation of 42 U.S.C §12101 *et seq.*

9.     The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant owned and/or operated by Mazatlan.  Prior to the filing of this lawsuit, Plaintiff visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact.   In addition, Plaintiff continues to desire and intends to visit the Restaurant, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Restaurant in violation of the ADA.  Blanton has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA which are codified at 28 C.F.R. Part 36.

11.    Mazatlan is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i.     The accessible parking space has no adjacent access aisle as is necessary for a wheelchair user to enter or exit a vehicle parking in the accessible parking space without being blocked by a vehicle parked in an adjacent parking space;

ii.    No van accessible parking space is provided.

iii.   The accessible parking signage is mounted too low to be seen over parked vehicles;

iv.    Both curb ramps are too steep for a wheelchair user and contain flared sides that are too steep for a wheelchair user as well;

v.     The women's restroom has no accessible signage;

vi.    The women's restrooms entry door has knob-type hardware that requires tight

grasping and twisting of the wrist to operate;

vii.     The water closet is located too far from the side wall;

viii.    There are no grab bars at the water closet in the women's restroom;

ix.      The paper towel dispenser in the women's restroom is out of reach for a wheelchair user;

x.       There is no knee and toe clearance at the lavatory in the women's restroom as necessary for a wheelchair user;

xi.      There is insufficient maneuvering floor space for a wheelchair user at the lavatory in the women's restroom;

xii.     There is insufficient maneuvering floor space for a wheelchair user at the water closet and the lavatory in the men's restroom.

12.     There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by Mazatlan which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.     To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.     Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Mazatlan was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992.  To date, Mazatlan has failed to comply with this mandate.

15.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Mazatlan pursuant to 42 U.S.C. §12205.

16.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to,

and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject

facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Mazatlan and requests the following

injunctive and declaratory relief:

A.    That the Court declares that the property owned and administered by Defendant is violative of the ADA;

B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.    That the Court awards such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF TEXAS STATE LAW AGAINST DISCRIMINATION

17.    Plaintiff realleges and reavers Paragraphs 1 through 5, above, as if fully contained

herein.

18.    Section 121.003 of the Texas Human Resources Code prohibits discrimination on the

basis of disability.  Such discrimination includes, *inter alia*: refusing to allow a person with a disability

the use of or admittance to a public facility; failing to comply with the requirements of the Texas

Architectural Barriers Act (re-codified at Tex. Gov't Code §469.001, *et seq.* as Elimination of

Architectural Barriers); failing to make reasonable accommodations in policies, practices and

procedures; or failing to provide auxiliary aids and services necessary to allow the full use and

5

enjoyment of the public facility.

19.     The Restaurant owned and/or operated by Mazatlan is a "public facility" per the definition contained in Section 121.002(5) of the Texas Human Resources Code.

20.     Section 121.004 of the Texas Human Resources Code provides that any person, firm, association, corporation, or other organization that violates the provisions of Section 121.003 is deemed to have deprived a person with a disability of his or her civil liberties.

21.     Section 121.004 of the Texas Human Resources Code further provides that a person with a disability deprived of his or her civil liberties may maintain a cause of action for damages in a court of competent jurisdiction and conclusively presumes damages in the amount of at least $100.

22.     Mazatlan has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of the Tex. Hum. Res. Code §121.003.

23.     The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant.  Prior to filing of this lawsuit, Plaintiff visited the Restaurant and was denied access to the benefits, accommodations and services of the Defendant's goods and services and therefore was damaged and suffered an injury in fact.  In addition, Plaintiff continues to desire to visit the Restaurant, but continues to be damaged and injured in that she is unable to and continues to be discriminated against due to the architectural barriers that remain at the Restaurant in violation of the ADA and the Texas Architectural Barriers Act.

24.     Mazatlan is in violation of the Texas Architectural Barriers Act (Tex. Gov't Code §469, et. seq.) and is discriminating against the Plaintiff as a result of, *inter alia*, the specific

6

violations outlined in Paragraph 11 above.

WHEREFORE, the Plaintiff demands judgment against Mazatlan as follows:

A.     That the Court declare that the property owned and administered by Defendant is violative of Tex. Hum. Res. Code §121.003;

B.     That the Court award compensatory damages to Plaintiff in such an amount as the Court deems just and proper;

C.     That costs be taxed to Defendant; and

D.     That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 28th day of March 2016.

Respectfully submitted,

By: ____/s/ Edward I. Zwilling_____
           Edward I. Zwilling, Esq.
           Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:   (205) 822-2701
Facsimile:    (205) 822-2702
Email: ezwilling@szalaw.com